**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH GIUFFRIDA,<br><br>                 Plaintiff,<br><br>v.<br><br>NEW JERSEY BUILDERS STATEWIDE BENEFITS FUND, et al.,<br><br>                 Defendants. | Civil Action No.: 14-7059 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court by way of the motion of defendants New Jersey Builders Statewide Benefits Fund (the "Fund"), New Jersey Building Construction Laborers' District Council and Laborers' Local Union Number 3, and Laborers International Union of North America (together, the "Union" and collectively with the Fund, "Defendants")[1] to dismiss the Complaint of plaintiff Joseph Giuffrida ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Plaintiff opposed the motion. ECF No. 10. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is granted.

---

[1] Defendants contend the Complaint improperly named Defendants as New Jersey Builders Statewide Benefit Fund, Laborers International Union of North America AFL-CIO Local Union 346, HOD Carriers & Building Laborers Local Union 346, and Bergen County Laborers Pension Fund. See, e.g., Def. Br. in Support, ECF No. 8-3, at 1. That distinction is of no consequence here.

## II. BACKGROUND

The following facts are accepted as true for purposes of the instant motion. Plaintiff became a member of the Union[2] on or about September 28, 1964. Compl. at 1 ¶ 1. The Union assigned Plaintiff to various jobs and Plaintiff paid dues and other fees to the Union. See Compl. at 2 ¶¶ 4-6, 9. Plaintiff continued to pay Union dues until at least 1978. See Affidavit of Mary Castrovinci, "Castrovinci Aff." ECF No. 8-2 Ex. K.[3]

By letter dated August 22, 2012, Plaintiff requested that the Fund pay him a pension based on his membership in the Union. See id. By letter dated September 5, 2013, the Fund issued a final determination that Plaintiff was not entitled to pension benefits. See id. Ex. F. The Fund explained that Plaintiff was not eligible for pension benefits because there was no record Plaintiff had ever worked for employers that had signed collective bargaining agreements with the Union. See id. In a subsequent letter dated June 4, 2014, the Fund further explained that Plaintiff's "payment of union dues in and of itself does not guarantee the payment of an accrued pension benefit" absent proof Plaintiff had worked for collectively bargained employers. Id. Ex. L.

On October 27, 2014, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Law Division, Bergen County. See ECF No. 1 at 11. The Complaint asserts

---

[2] In his Complaint, Plaintiff states he became a member of "Hod Carriers and Building Laborers Local Union 346." Compl. ¶ 1. Although Defendants state the Union was improperly named in the Complaint, they do not contest that the Union is a proper party to this action.

[3] On consideration of a motion to dismiss, this Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the Complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff's Complaint contesting Defendants' failure to pay him a pension relies on Plaintiff's correspondence with Defendants, copies of which are attached to Defendants' motion. Plaintiff does not contest the validity of those documents.

various state-law claims against Defendants, including breach of contract, breach of fiduciary duty, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. See Compl. Counts I-VIII. The Complaint also brings a claim against the Fund for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.. See Compl. Count VI.

On November 11, 2014, Defendants removed the action to this Court. ECF No. 1. On December 23, 2014, Defendants filed the instant motion to dismiss. ECF No. 8. Plaintiff opposed to motion on January 20, 2015. ECF No. 10.

### III.  LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

A court may dismiss a claim with prejudice if amendment would be futile. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

## IV.   DISCUSSION

Plaintiff's Complaint appears to advance two alternative theories of liability: (1) the Union either failed to ensure Plaintiff worked for employers that had signed collective bargaining agreements with the Union and, as a result, Plaintiff was not entitled to a pension; or (2) the Fund lost Plaintiff's employment records, which could have revealed Plaintiff was entitled to a pension because he had in fact worked for collectively bargained employers. Defendants contend Plaintiff's Complaint must be dismissed in its entirely because federal law preempts Plaintiff's state law claims and Plaintiff fails to state a claim under federal law. See ECF No. 8-3 at 1-3, 11-33. For the reasons set forth below, Defendants' motion is granted.

### A. Federal Law Preempts Plaintiff's State-Law Claims

#### 1. The National Labor Relations Act Preempts Plaintiff's State-Law Claims Against the Union

The National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq., preempts Plaintiff's state-law claims against the Union. Under the NLRA, "the Union has a statutory duty fairly to represent all of [its] employees . . . ." Vaca v. Sipes, 386 U.S. 171, 177 (1967). This duty of fair

representation "displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative." Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008); see also Scott v. Graphic Commc'ns Int'l Union, Local 97-B, 92 F. App'x 896, 904 (3d Cir. 2004) (citing BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 830 (1st Cir. 1997) ("Preemption also can occur by operation of the so-called duty of fair representation.")). If an employee claims a union owes him an additional duty apart from the duty of fair representation, "he must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 374 (1990).

Here, Plaintiff alleges the Union failed to fairly represent his interests because it did not "ensure that any contractor to whom . . . [P]laintiff was sent [to work] was a signatory to the collective bargaining agreement." Compl. Count I ¶ 12. Thus, Plaintiff's state-law claims against the Union turn on the Union's duty to fairly represent Plaintiff and, accordingly, are preempted. See Scott, 92 Fed. App'x at 904 (affirming district court's holding that the plaintiff's state-law discrimination and harassment claims were preempted because the plaintiff's complaint "sound[ed] in a duty of fair representation"). Moreover, to the extent Plaintiff alleges the Union owed him additional duties because it accepted Plaintiff's dues, Plaintiff does not point to any language in a collective-bargaining agreement creating such an obligation. Consequently, the statutory duty of fair representation preempts Plaintiff's state-law claims against the Union.

### 2. ERISA Preempts Plaintiff's State-Law Claims Against the Fund

ERISA establishes "a uniform regulatory regime over employee benefit plans[.]" Jewish Lifeline Network, Inc. v. Oxford Health Plans (NJ), Inc., No. 15-CV-0254 SRC, 2015 WL

2371635, at *3 (D.N.J. May 18, 2015) (quoting Nat'l Sec. Sys. v. Iola, 700 F.3d 65, 82 (3d Cir. 2012) (internal citation and quotation marks omitted)). To that end, ERISA possesses "extraordinary pre-emptive power." Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 293 (3d Cir. 2014) (internal quotation marks and citation omitted). Two variants of ERISA preemption are relevant to Plaintiff's claims: express preemption under ERISA § 514(a) and conflict preemption under ERISA § 502. See id.

First, ERISA's express preemption provision under § 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [subject to ERISA]." Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 293 (3d Cir. 2014) (citing 29 U.S.C. § 1144(a)). A claim "relates to" an ERISA plan where the existence of the plaintiff's cause of action "has a connection with or reference to such a plan." See id. at 294 (citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96–97 (1983)). "Thus, where it is the case that 'if there were no plan, there would have been no cause of action,' ERISA should preempt a state cause of action." Smith v. Metro. Life Ins. Co., No. CIV.A. 14-2288 ES, 2015 WL 5177633, at *8 (D.N.J. Sept. 3, 2015) (quoting 1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992)). "State common law claims, including those raised here, routinely fall within the ambit of § 514." Menkes, 762 F.3d at 293.

Second, "a claim is conflict preempted by § 502 when it 'duplicates, supplements, or supplants the ERISA civil enforcement remedy.'" Id. (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)). Section 502 bars claims that provide "a form of ultimate relief in a judicial forum that add[s] to the judicial remedies provided by ERISA." Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 140 (3d Cir. 2004) (quotation marks omitted).

Here, Plaintiff's negligence, common-law fraud, and breach of fiduciary duty claims are

6

expressly preempted by ERISA § 514. Those state-law claims arise from Plaintiff's allegations that the Fund: (1) mismanaged plan assets; and (2) failed to transfer or maintain records of the Plaintiff's employment, thereby preventing him from collecting a pension through the plan. See Compl. Count VI. Thus, Plaintiff's "claim[s] 'relate[] to' the [p]lan because if there were no plan, there would be no cause of action." Smith, 2015 WL 5177633, at *8 (holding ERISA preempted plaintiff's breach of contract claim).

Plaintiff's state-law claims also relate to the ERISA plan because resolving those claims would require this Court to interpret the Fund's obligations under the plan's terms. See Menkes, 762 F.3d at 294 (affirming dismissal of state-law claims as preempted because "they require interpreting the plan's terms"). Specifically, Plaintiff's claim regarding mismanagement would oblige this Court to construe the Fund's obligations to manage plan assets under the plan. Plaintiff's claim that the Fund lost his employment records and therefore improperly denied him benefits would likewise necessitate interpreting "what benefits are due under the plan." Menkes, 762 F.3d at 296.

In addition, Plaintiff's claim for punitive damages is conflict preempted by ERISA's exclusive civil remedy scheme in § 502(a). Section 502(a) preempts claims for punitive damages because "Congress did not make punitive damages available under ERISA," and, therefore, permitting state-law claims for punitive damages would conflict with ERISA's civil remedy scheme. See Menkes, 762 F.3d 285, 296 (3d Cir. 2014). Accordingly, ERISA preempts all of Plaintiff's state-law claims against the Fund.

### B. Plaintiff Fails to State a Claim for Relief

Having found the NLRA and ERISA preempt Plaintiff's state-law claims, the Court turns to the sufficiency of Plaintiff's pleading under Federal Rule of Procedure 12(b)(6). For the reasons

set forth below, this Court finds Plaintiff has failed to state a claim for relief under the NLRA and ERISA.

### 1. Plaintiff Fails to State a Claim for Breach of the Duty of Fair Representation Against the Union

A union breaches the statutory duty of fair representation "only when a union's conduct toward a member . . . is arbitrary, discriminatory, or in bad faith." Ahmad v. United Parcel Serv., 281 F. App'x 102, 105 (3d Cir. 2008) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). "It follows from this that proof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation." Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970).

Here, Plaintiff's allegation that the Union failed to ensure Plaintiff worked for collectively bargained employers, offered without further factual delineation, would not permit a rational factfinder to infer the Union acted discriminatorily, arbitrarily, or in bad faith. Although Plaintiff states the Union acted "with malice," that conclusory assertion, without more, is insufficient to state a plausible claim for relief. See, e.g., Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

Moreover, Plaintiff cites no authority for the proposition that the Union has a duty to ensure members work for collectively bargained employers and, even if the Union had such a duty, the Union's breach would at most constitute negligence, which is insufficient to state a claim for unfair representation. See Bazarte, 429 F.2d at 872. Accordingly, Plaintiff fails to state a claim against

the Union for breach of the duty of fair representation.[4]

### 2. Plaintiff Lacks Standing to Bring Claims Against the Fund Under ERISA

ERISA's civil remedy scheme allows "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Therefore, "[b]y its terms, standing under the statute is limited to participants and beneficiaries." Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004). The "requirement that the plaintiff be a plan participant [or beneficiary] is both a standing and subject matter jurisdictional requirement." Miller v. Rite Aid Corp., 334 F.3d 335, 340 (3d Cir. 2003) (citation omitted).

"In ERISA, 'participant' and 'beneficiary' are distinct terms of art, in that the former refers to an employee or former employee who takes part in his employer's plan, while the latter is a person designated by a participant to recover benefits in the event of the participant's death." Graden v. Conexant Sys. Inc., 496 F.3d 291, 295 n.4 (3d Cir. 2007) (internal citations omitted). The Supreme Court has held the term "participant" "covers a former employee with a colorable claim for 'vested benefits.'" Id. (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 118 (1989)).

Plaintiff does not specifically allege he was a plan beneficiary or participant. To the extent Plaintiff argues he is eligible to receive benefits because he paid Union dues, Plaintiff fails to allege

---

[4] Defendants also contend Plaintiff's claim for breach of the duty of fair representation is time barred. Having found that Plaintiff's unfair representation claim fails to state a claim for relief, this Court does not reach Defendants' statute-of-limitations argument.

he has a "colorable claim for vested benefits" because he does not plead he worked for an employer that agreed in writing to make contributions to an employee benefit plan. Without such a written agreement, an employer is not obligated to contribute to an employee benefit plan. See Russ v. S. Water Mkt., Inc., 769 F.3d 556, 557 (7th Cir. 2014) ("[T]he Labor Management Relations Act makes a written agreement essential to participation in a pension or welfare plan." (citing 29 U.S.C. § 186(c)(5)(B)). Accordingly, Plaintiff is not an ERISA plan participant and therefore lacks standing to bring claims against the Fund under ERISA.

## V.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. To the extent Plaintiff can cure the defects in his Complaint by way of amendment, Plaintiff is hereby granted thirty days to file an amended pleading. An appropriate Order accompanies this Opinion.

Dated: March 29, 2016

_____
CLAIRE C. CECCHI, U.S.D.J.